J.F. WHITE CONTRACTING CO. & another *vs.* DEPARTMENT OF PUBLIC WORKS. June 5, 1987. *Public Works,* Bidding procedure. *Contract,* Public works, Bidding for contract, Subcontract.

The plaintiffs, J.F. White Contracting Co. (White) and Manganaro Corp., New England (Manganaro), were general contractor and masonry subcontractor, respectively, for a public construction project undertaken by the Commonwealth's Department of Public Works (DPW). In this action the plaintiffs sought a declaration that Manganaro was entitled to extra wage costs from White, and White in turn from DPW, as a result of an addendum to bid documents, issued after the subbids were opened but before the general bids were opened, extending the project's completion date. Cross-motions for summary judgment were filed, and DPW's motion was allowed. The judge ruled that "[b]y virtue of entering into a subcontract with the general contractor after issuance of [the] addendum . . . changing the completion date of the general contract, Manganaro became bound thereby, as did White."

The facts are not in dispute. DPW prepared bid documents, including specifications and plans, and invited bids for work on a garage in Malden. The bid documents specified a project completion date of November 19, 1982. Having estimated its labor costs on the basis of the completion date specified in the bid documents, Manganaro submitted its subbid for the masonry work. After the subbids were opened, but before the general bids were opened, DPW issued an addendum extending the completion date to April 19, 1983. White, thereafter, filed a general bid, which was successful, listing Manganaro as its masonry subcontractor. White entered into a general contract with DPW and a subcontract with Manganaro. Both contracts provided for performance in accordance with the bid documents, including

the addendum changing the completion date. Construction proceeded. Because of the extension of the completion date, Manganaro's labor costs, governed by its collective bargaining agreement, exceeded those estimated in preparing the subbid. White and Manganaro presented a claim for extra costs to the DPW board of contract appeal, which denied the claim. This litigation followed.

DPW maintains on appeal, first, that neither Manganaro nor White has claim for the extra costs because both the subcontract and the general contract make reference to the April 19, 1983, completion date, and, second, that Manganaro has no claim against the Commonwealth because of a lack of privity. We agree with the plaintiffs that a valid claim exists against DPW and we therefore order entry of summary judgment in their favor.

The case is governed by G. L. c. 149, §§ 44A-44J, as consistently interpreted in our courts. Those provisions set forth detailed requirements for competitive bidding on public construction contracts. Among other things, they call for issuance of plans and specifications by awarding authorities and submission of bids for the exact work described in the plans and specifications. According to G. L. c. 149, § 44F(3), as appearing in St. 1980, c. 579, § 55, "[e]very sub-bidder duly filing a sub-bid . . . shall be bound thereby to every general bidder . . . and any variance from such sub-bid . . . shall be of no effect." Section 44B(4) provides that if a subbidder fails to execute a contract with a general bidder in accordance with a filed subbid, it runs the risk of losing its bid deposit. The general import of the statutory scheme, as relevant to Manganaro's claim, is that a subbidder may rely on the specifications and other bid documents in existence at the time it prepares its subbid (see *Alpert* v. *Commonwealth,* 357 Mass. 306, 320 [1970]) and that once a subbid is filed in accordance with the bid documents, it may not be changed. A salutary purpose is served by this scheme, apart from its theoretically beneficial effect on the public treasury. It provides for a fair, honest and open procedure in which all participants are "on an equal footing in the competition to gain the contract." *Interstate Engr. Corp.* v. *Fitchburg,* 367 Mass. 751, 758 (1975).

Based upon the subbid, Manganaro was bound to enter into a contract with White to perform the work specified in the bid documents issued prior to the opening of the bid. If the subbid had varied from the bid documents by referring to a completion date other than November 19, 1982, the statute would have required that the bid be rejected. G. L. c. 149, § 44F(3). *Gifford* v. *Commissioner of Pub. Health,* 328 Mass. 608, 615 (1952). Acceptance by Manganaro of a contract referring to the later completion date was of no significance; the obligation was fixed by the bid. *McLean Heating Supplies, Inc.* v. *Jefferson Constr. Co.,* 339 Mass. 356, 362-363 (1959). See also *Poorvu Constr. Co.* v. *Nelson Elec. Co.,* 335 Mass. 545 (1957). Compare *Interstate Engr. Corp.* v. *Fitchburg,* 367 Mass. 758. The parties do not dispute that the extra cost to Manganaro resulted from the changed completion date and that, in contrast with a minor change in the work or

materials, the change in this case was significant. Consequently, the addendum, as far as the rights of Manganaro are concerned, came too late to affect its contract with White.

The addendum was issued prior to White's general bid. White's own labor costs, as estimated in its general bid, are assumed to have been predicated on the later completion date specified in the addendum. In carrying out the general contract, therefore, White may not recover from the Commonwealth for any labor costs attributable to the extension of the completion date. However, White is bound to pay Manganaro's reasonable extra labor costs to the extent they may be established according to regular Department procedures. Since White had the right to assume that Manganaro's subbid covered all the costs of the masonry work, it should not, in fairness, be required to absorb Manganaro's extra costs. Those extra costs arose from the untimely issuance of the addendum. White may recover them from DPW. It should be pointed out the DPW had the power to avoid this situation by calling for rebids after it issued the addendum.

Accordingly, the judgment is reversed and a new judgment shall enter in favor of the plaintiffs declaring that Manganaro's bid obligation is fixed based on the contract documents on which it bid, notwithstanding contract terms to the contrary, and that Manganaro may recover from White, and White from DPW, the extra sum to which Manganaro is entitled on account of the post subbid addendum extending the project's completion date.

*So ordered.*

*Sally A. Corwin* for J.F. White Contracting Co. & another.

*Brison S. Shipley,* Assistant Attorney General, for Department of Public Works.